a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY YUNIOR GARCIA DUARTE #A241-460-752, Petitioner | CIVIL DOCKET NO. 1:25-CV-01895 SEC P |
| VERSUS | JUDGE EDWARDS |
| U S DEPT OF HOMELAND SECURITY ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Anthony Yunior Garcia Duarte ("Duarte"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Duarte alleges that he is subjected to prolonged detention and wishes to voluntarily depart.

Because the Petition is premature and voluntary departure is at the discretion of the Attorney General, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

I. **Background**

Duarte is a native and citizen of Venezuela. He alleges that he was ordered removed on June 25, 2025, and his detention has become prolonged. ECF No. 1 at 2,

6. According to the Executive Office of Immigration Review ("EOIR") automated case information, Duarte was ordered removed on November 24, 2025.[1]

## II. Law and Analysis

Once an alien is ordered removed, DHS must physically remove him from the United States within a 90-day "removal period." 8 U. S. C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021). The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U. S. C. § 1231(a)(1)(B).

However, the United States Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months is presumptively reasonable. *Id*.

After six months, if an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

---

[1] https://acis.eoir.justice.gov/en/caseInformation

Duarte's Petition was filed on December 1, 2025, prior to the expiration of the presumptively reasonable six-month detention period. Accordingly, the Petition is premature. *See Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam), *cert. denied*, 544 U.S. 1066 (2005) (affirming dismissal as premature where six months had not passed at time of filing); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (affirming dismissal as premature); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011) (same); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (per curiam) (concluding that the six-month period must have expired at the time the § 2241 petition was filed in order to state a claim under *Zadvydas*).

Duarte also indicates his desire to voluntarily depart. However, whether to allow voluntary departure is up to the discretion of the Attorney General. *See* 8 U.S.C.A. § 1229c.

### III.   Conclusion

Because Duarte's Petition was filed prematurely, and the Court cannot authorize voluntarily departure, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED, WITHOUT PREJUDICE to refiling should his detention become prolonged.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, January 12, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE